*E-Filed: June 19, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No.  14-cv-02641-HRL<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner Michael Anthony Moran, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

    On July 7, 2010, Petitioner was found guilty of forcible rape, Penal Code Section 261(a)(2); forcible oral copulation, Penal Code Section 288a(c)(2); and continuous sexual abuse of a minor, Penal Code Section 288.5, in the Alameda County Superior Court. Petitioner was sentenced to 15 years to life on the Section 261(a)(2) count, 6 to 15 years, consecutively, on the Section 288.5 count, and a 6 year term on the Section 288a(c)(2) count. Petitioner appealed, and the California Supreme Court denied his petition for review. Petitioner timely filed the instant federal habeas petition.

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner claims the following grounds for federal habeas relief: (1) the trial court erred in admitting custodial statements where the officer had not advised Petitioner of his Miranda rights, depriving him of due process of law under the Fourteenth Amendment; (2) the trial court's exclusion of evidence violated Petitioner's right to present a defense under the Fifth, Sixth, and Fourteenth Amendments; (3) prosecutorial misconduct in voir dire and closing argument, including vouching for the credibility of the prosecution's integrity and prosecution witnesses, and attacks on the defense function, violated petitioner's right to a fair trial and right to counsel under the Fifth, Sixth, and Fourteenth Amendments; and (4) accumulation of errors and misconduct violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments. Petitioner has stated cognizable claims for relief.

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition (Dkt. No. 1) and all attachments thereto, as well as a magistrate judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within thirty (30) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as

1  set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
2  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an
3  opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and
4  Respondent shall file with the court and serve on Petitioner a reply within fifteen (15) days of
5  receipt of any opposition.
6  **IT IS SO ORDERED.**
7  Dated: June 19, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge